UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TRACY CONRAD SMITH,

    Petitioner,

v.

SCOTT KERNAN, et al.,

    Respondents.

Case No. 18-cv-01863-PJH

**ORDER DISMISSING SECOND OR SUCCESSIVE PETITION AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Tracy Conrad Smith, represented by counsel, has filed a petition for a writ of habeas corpus challenging the judgment and sentence imposed by the Superior Court of Alameda County, Case No. H-34847. Smith previously challenged this conviction in a represented habeas petition, which the court denied by order entered April 6, 2012. *Smith v. Adams,* C 09-3764 PJH, doc. no. 41. For the reasons discussed below, the instant petition is DISMISSED as a second or successive petition pursuant to 28 U.S.C. § 2244(b).

**BACKGROUND**

On July 20, 2006, an Alameda County jury convicted Smith of second degree burglary of a garage, second degree robbery, and possession of a firearm by a felon.[1] The trial court subsequently found that Smith had thirteen prior convictions, including two prior prison terms and two prior serious "strike" convictions. On October 20, 2006, the court sentenced Smith to three concurrent terms of twenty-five years to life with two

---

[1] A factual summary of the case is set forth in the court's April 6, 2012, order denying Smith's earlier-filed habeas petition in Case No. C 09-3764 PJH.

consecutive five-year terms based on the prior serious felony enhancements.

Smith filed a direct appeal with the state appellate courts. On June 12, 2008, the California Court of Appeal affirmed his conviction, and on August 27, 2008, the California Supreme Court denied review.

On August 17, 2009, Smith filed a pro se petition for a writ of habeas corpus with this court. On February 3, 2010, the court dismissed Smith's petition with leave to amend, noting that it contained 106 claims, many of which did not appear cognizable and most of which were incomprehensible. In March 2010, Smith retained counsel, Hilda Scheib, after which the court subsequently afforded Smith several extensions of time to file his amended petition. On June 21, 2010, Smith filed his amended petition, which raised three claims, two of which he had exhausted on direct appeal in state court, and a third claim, which Smith conceded was unexhausted. On July 20, 2010, the court stayed these habeas proceedings to allow Smith to exhaust his claim in state court.

Meanwhile, on June 22, 2010, Smith's counsel filed a habeas petition on his behalf with the California Court of Appeal in an effort to exhaust the third claim. On June 23, 2010, the California Court of Appeal issued a postcard denial of Smith's habeas petition. Smith's counsel subsequently filed a habeas petition on his behalf with the California Supreme Court on September 22, 2010, which was summarily denied on March 30, 2011.

After Smith notified the court that the California Supreme Court had completed its review of his state habeas petition, the court reopened the habeas case on May 11, 2011, and the matter was fully submitted on the papers on December 16, 2011. On April 6, 2012, the court denied the habeas petition on all three grounds for relief presented in the petition: (1) that Smith's due process rights were violated because the evidence was insufficient to convict him of second degree robbery under California Penal Code § 211; (2) that he was deprived of his right to due process and to present his case when the trial court refused to instruct on lesser-included offenses to robbery; and (3) that his trial counsel rendered ineffective assistance of counsel when (a) he failed to file a motion

1 under *Pitchess v. Superior Court*, 11 Cal.3d 531 (1974), for discovery of law enforcement's personnel records; and (b) when he failed to object to the review and recording of a phone call Smith made from jail.

Smith, through his attorney, now petitions for a writ of habeas corpus on the grounds that he is factually innocent of the robbery conviction, in that there was no asportation of property belonging to another person, and that the robbery conviction was the result of ineffective assistance of counsel at the trial, appellate and habeas levels.

**DISCUSSION**

The claims presented in the instant petition concern the same conviction underlying Smith's prior habeas petition which was finally adjudicated on the merits in Case No. C 09-3764 PJH, rendering the instant petition an unauthorized "second or successive" habeas petition under 28 U.S.C. § 2244. *See Goodrum v. Busby*, 824 F.3d 1188, 1194 (9th Cir. 2016) ("a petition will not be deemed second or successive unless, at a minimum, an earlier-filed petition has been finally adjudicated") (citing *Woods v. Carey*, 525 F.3d 886, 889 (9th Cir. 2008)).

A second or successive habeas petition challenging the same state court judgment pursuant to 28 U.S.C. § 2254 may not be filed in federal district court unless the petitioner first obtains from the United States Court of Appeals for the Ninth Circuit an order authorizing this court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A) (""Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

Because Smith has not demonstrated that he received authorization from the Ninth Circuit to proceed with this second or successive petition pursuant to 28 U.S.C. § 2244(b)(3), this case is DISMISSED. *See Brown v. Muniz*, --- F.3d ----, 2018 WL 2107273, at *4 (9th Cir. No. 16-15442, May 8, 2018) ("If the petition is second or successive, then the district court lacks jurisdiction and must dismiss the petition unless and until the court of appeals grants an application to file it.").

3

**CONCLUSION**

The petition is **DISMISSED** without prejudice for the reasons stated above. Because reasonable jurists would not find the result here debatable, a certificate of appealability ("COA") is **DENIED**. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: May 8, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge